DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on appeal from the Huron County Court of Common Pleas. The following undisputed facts are relevant to this appeal.
 {¶ 2} Appellants, Timothy and Barbara Branham, are owners of real property located within a private housing development known as Holiday Lakes in Huron County. Holiday Lakes is governed by appellee, Holiday Lakes Property Owners Association, through a board of trustees ("board") elected by voting members who live within the housing development. The board adopted rules and regulations, including traffic regulations, to govern the conduct of residents living at Holiday Lakes. The board issues citations to members for violations of the traffic regulations upon receipt of a complaint from a third person, or upon the board's own initiative. The board also created an appeals council to which members can appeal traffic citations.
 {¶ 3} On September 2, 2000, appellee issued a citation to appellants which stated that appellants' son was observed on a go-cart on one of the subdivision streets. This constituted a violation of Holiday Lakes Rules and Regulations R22. The fine for this violation was $100. The citation stated that appellants had the right to appeal to the appeals council.
 {¶ 4} Appellants sent a written notice of appeal to appellee on September 22, 2000. The board unanimously denied the appeal December 6, 2000. Appellants filed a complaint for declaratory relief July 5, 2001, seeking an injunction prohibiting appellee from enforcing its rules and regulations. Appellee filed a counterclaim in which it sought a declaration that its rules and regulations were enforceable, and that appellants must pay the fine levied against them. Appellants and appellee each filed motions for summary judgment.
 {¶ 5} In its decision and order to show cause issued December 11, 2001, the trial court found that it lacked jurisdiction because appellants failed to join necessary parties. The court identified the pivotal issue as the enforceability of appellee's rules and regulations. Relying on Gareau v. Holiday Lakes Property Owners' Assn., Inc. (Aug. 9, 1991), 6th Dist. No. H-90-52, a strikingly similar case decided by this court, the trial court concluded that a declaration of rights would affect all of the property owners in Holiday Lakes, and that absent joinder of all of them, the court lacked jurisdiction to make such a declaration.
 {¶ 6} On January 2, 2002, appellants filed a motion to convert the lawsuit to a class action, claiming that they could fairly and adequately represent the claims, defenses, rights, and interests of the 750 property owners in Holiday Lakes. Appellants then filed a supplemental memorandum March 12, 2002, in which they conceded that their cause of action, to the extent that it requests declaratory relief, may run afoul of the holding in Gareau. However, appellants argued that they had the right to pursue a claim for compensatory and punitive damages based on their individual rights allegedly violated by appellee.
 {¶ 7} Appellee filed a memorandum in response in which it claimed that the essence of all of the counts of appellants' complaint was that the regulations were invalid and unenforceable against appellants. Therefore, appellee argued, all property owners in Holiday Lakes must be joined in the suit.
 {¶ 8} The trial court found that appellants did not meet the minimum requirements to establish a class action because their interests and claims were opposed to the interests and claims of members who support appellee's rules and regulations. Regarding appellants' request to proceed with an individual claim, the court found that "[m]erely removing the prayer for a declaratory judgment does not change the nature of the action. In order to decide Plaintiffs' first cause of action the Court must first decide whether the Rules and Regulations are enforceable, and that decision will affect the other property owners because it will be the precedent for future determinations." The trial court dismissed appellants' complaint without prejudice on March 22, 2002.
 {¶ 9} Appellants filed a notice of appeal from that judgment entry on April 22, 2002, and set forth the following assignments of error:
 {¶ 10} "1) The trial court committed error in dismissing Appellants' action for declaratory judgment against Appellee, as such dismissal constitutes a denial of Appellants' rights secured to them by the common law and the Ohio Constitution.
 {¶ 11} "2) The trial court committed error in dismissing Appellants' individual action for damages against Appellee, as such dismissal constitutes a denial of Appellants' rights secured to them by the common law and the Ohio Constitution."
 {¶ 12} Although this court is strongly tempted to address the substantive issues of this case, we recognize that is not our duty. Consequently, after carefully examining the entire record in this matter, including the opinion and judgment entry prepared by the trial court, we conclude that the trial court did not err in dismissing appellants' complaint by applying Gareau to the evidence presented. Therefore, we find appellants' assignments of error not well-taken.
 {¶ 13} On consideration whereof, the court finds that substantial justice has been done the parties complaining, and the judgment of the Huron County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., James R. Sherck, J., and Richard W. Knepper,J., CONCUR.